UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY CARSON, on behalf of himself and others similarly situated, | : <br> : <br> : |
| Plaintiff, | : C.A. No.: <br> : |
| v. | : **COMPLAINT** <br> : |
| ASTRAZENECA PHARMACEUTICALS LP, | : <br> : <br> : **FLSA COLLECTIVE ACTION AND** |
| Defendant. | : **RULE 23 CLASS ACTION** <br> : <br> : **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is an action for violation of federal wage and hour laws by and on behalf of former and current employees of Defendant, referred to below as "Covered Employees." The Covered Employees include Timothy Carson, Plaintiff. Pursuant to a decision, policy and plan, these employees are unlawfully classified by Defendant as exempt from laws requiring overtime pay, but actually were and are non-exempt and entitled to overtime pay.

2. In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by the Defendant in any sales representative position, including but not limited to any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

      a.    Sales Representative

      b.    Professional Sales Representative

    c.  Specialty Sales Representative

    d.  Senior Specialty Sales Representative

and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitation was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions."

  3.  In this pleading, "Defendant" means AstraZeneca Pharmaceuticals LP and all domestic affiliates and subsidiaries.

  4.  The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasions. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

  5.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

  6.  Venue is proper in this District because Defendant's principal executive offices are in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District. Venue is proper in this District also because there is personal jurisdiction in this District over Defendant. Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this District.

## PARTIES

7. Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca") is a Delaware corporation, with its United States headquarters in Wilmington, DE. AstraZeneca does business in all fifty states and the United Stated Territories.

8. Plaintiff Timothy Carson ("Plaintiff") is a New York resident and was employed by Defendant for approximately two years, ending in October 2005, as a sales Representative. Plaintiff worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal law.

9. Plaintiff is informed and believes and thereon alleges at all relevant times defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours and working conditions of Plaintiff and Covered Employees.

## FACTS

10. Plaintiff's consent to sue is attached hereto as Exhibit A.

11. Upon information and belief, Defendant employs and has employed within the relevant periods thousands of pharmaceutical sales representatives in the United States.

12. Plaintiff and Covered Employees were paid a salary plus a bonus for work performed.

13. Specifically, upon information and belief, Defendant's managers, with the knowledge and consent of corporate management, systemically violated the law throughout the United States, in the following respects:

    a.) Failing to pay employees overtime compensation for hours worked in excess of forty hours per week; and

  b.) Failing to maintain accurate records of employees' time.

14. As set forth above, Plaintiff was employed by Defendant.

15. During this time, Plaintiff on a regular basis worked over 40 hours per week.

16. Plaintiff sustained substantial losses from Defendant's failure to pay him overtime compensation.

17. Upon information and belief, other employees who worked for Defendant throughout the United States and who are FLSA Collective Plaintiffs and/or members of the classes (as defined below) were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendant.

18. Defendant, through its corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce its labor costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings the First Claim for Relief for violation of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all Covered Employees employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20. At all relevant times, Plaintiff and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules (1) willfully failing and refusing to pay them at the legally required time an a half rates for work in excess of forty (40) hours per workweek, (2) willfully and inaccurately classifying them as exempt from overtime pay even though Defendant was aware that the Covered Employees were non-exempt and entitled to overtime pay, and (3) willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other Covered Employees.

21. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The Covered Employees are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Covered Employees via first class mail to the last address known to Defendant.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

22. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

23. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as

"employee[s]" within the meaning of the FLSA. At all relevant times, defendant has had gross operating revenues in excess of $500,000.

24. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

25. At all relevant times, Defendant has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

26. At all relevant times, Defendant willfully, regularly and repeatedly failed, and continues to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

27. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Covered Employees, prays for relief as follows:

      A.      A declaratory judgment that the practices complained of herein are unlawful under FLSA;

      B.      Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

      C.      Designation of Plaintiff as representative of the FLSA Collective Action;

      D.      An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

      E.      Penalties available under applicable law;

      F.      Costs of action incurred herein, including expert fees;

      G.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

      H.      Pre-Judgment and post-judgment interest, as provided by law; and

      I.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

MARGOLIS EDELSTEIN

*/s/ Herbert W. Mondros*

Herbert W. Mondros, Esquire (Del. Bar No. 3308)
Lori A. Brewington, Esquire (Del. Bar No. 4522)
750 S. Madison Street
Suite 102
Wilmington, Delaware 19801
Tel. (302) 888-1112
Fax (302) 888-1119

Charles Joseph, Esquire*
Joseph & Herzfeld, LLP
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley, Esquire*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

Ira Spiro, Esquire*
Spiro Moss Barness LLP
11377 W. Olympic Blvd, 5th Fl
Los Angeles, CA 90064
Tel. (310) 235-2468
Fax (310) 235-2456

*Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and Proposed
Collective Action and Class Action Members*

DATED: June 6, 2007

Case 1:07-cv-00359-JJF-MPT    Document 1-2    Filed 06/06/2007    Page 1 of 2

## CONSENT TO BE "PARTY PLAINTIFF" UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by AstraZeneca International. I consent to be a party plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Timothy Carson_
Full Legal Name (Print)

_[signature]_
Signature

_1-29-07_
Date

_Tim Carson_
_103-00 Shore Front Pkwy_
_Apt 10-K_
_Rockaway Park, NY 11694_
Mailing Address (Print)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff **New York**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) **Margolis Edelstein, Herbert W. Mondros**
**750 S. Madison St.**
**Suite 102  Wilm, DE 19801**

Attorneys (If Known) **Lori A. Brewington**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**FLSA**

Brief description of cause: **Violation of FLSA by failure to pay overtime**

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE **5/6/07**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-359

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

JUN 0 6 2007

(Date forms issued)

_____
(Signature of Party or their Representative)

Donna L. Truszkowski
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action