**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIMOTHY CARSON, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS LP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 07-359<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER TO COMPLAINT**

Defendant AstraZeneca LP, erroneously sued as AstraZeneca Pharmaceuticals LP (hereinafter, "Defendant"), by and through its attorneys, responds as follows to the Class Action Complaint (hereinafter "Complaint") filed by Plaintiff, Timothy Carson (hereinafter "Plaintiff"):

1. Admitted that Plaintiff purports to bring an action for violation of federal wage and hour laws by and on behalf of former and current employees of Defendant. All remaining allegations are denied. Defendant further responds that all of the allegations contain legal conclusions or opinions that Defendant is not required to admit or deny.

2. All of the allegations contain legal conclusions or opinions that Defendant is not required to admit or deny.

3. Denied that AstraZeneca Pharmaceuticals LP (and/or domestic affiliates and subsidiaries) is a proper defendant in this action.

4. All of the allegations contain legal conclusions or opinions that Defendant is not required to admit or deny.

5. Admitted.

6.      Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation that a substantial part of the events and omissions giving rise to the claims occurred in this District.  Otherwise admitted.

7.      AstraZeneca LP is a Delaware limited partnership with its principal place of business in Wilmington, Delaware; and AstraZeneca Pharmaceuticals LP is a Delaware limited partnership with its principal place of business in Wilmington, Delaware.  Admitted that AstraZeneca LP does business in all fifty states.  Defendant further responds that Plaintiff failed to specify what he means by "United States Territories" and denies that allegation on that basis.

8.      Defendant admits, on information and belief, that Plaintiff is a New York resident.  Defendant admits that Plaintiff was employed by AstraZeneca LP from in or about November 2003 through August 2005 as a Pharmaceutical Sales Specialist.  Defendant denies that Plaintiff worked in excess of forty (40) hours per workweek.  Admitted that AstraZeneca LP did not pay overtime compensation to Plaintiff because he was an exempt employee.  Except as expressly admitted, Defendant denies all remaining allegations.

9.      Admitted that AstraZeneca LP employed Plaintiff and other pharmaceutical sales specialists.  Except as expressly admitted, Defendant denies all remaining allegations.  Defendant further responds that the allegations contain legal conclusions or opinions that Defendant is not required to admit or deny.

10.     Admitted.

11.     Admitted that AstraZeneca LP employs and has employed thousands of pharmaceutical sales specialists in the United States.  Except as expressly admitted, Defendant denies all remaining allegations.

12. Admitted that Plaintiff and other pharmaceutical sales specialists were paid a salary and were eligible for incentive compensation. Defendant denies all remaining allegations.

13. Admitted that AstraZeneca LP does not pay pharmaceutical sales specialists overtime compensation for hours worked in excess of forty hours per week because they are exempt employees. Defendant denies all remaining allegations.

14. Admitted that Plaintiff was employed by AstraZeneca LP. Except as expressly admitted, Defendant denies all remaining allegations.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. The allegations contain legal conclusions or opinions that Defendant is not required to admit or deny.

20. Denied.

21. The allegations contain legal conclusions or opinions that Defendant is not required to admit or deny.

22. Defendant realleges and incorporates by reference its answers to paragraphs 1 through 21.

23. Defendant admits that AstraZeneca LP is an employer engaged in commerce within the meaning of the FLSA. Defendant also admits that AstraZeneca LP has employed and continues to employ Pharmaceutical Sales Specialists as employees within the meaning of the FLSA, and that AstraZeneca LP has gross operating revenues in excess of $500,000. Except as expressly admitted, Defendant denies the remaining allegations.

24. Denied.

25. Defendant admits that AstraZeneca LP does not pay overtime compensation to pharmaceutical sales specialists because they are properly classified as exempt employees. Except as expressly admitted, Defendant denies all remaining allegations.

26. Defendant admits that AstraZeneca LP does not pay overtime compensation to pharmaceutical sales specialists because they are properly classified as exempt employees. Defendant denies all remaining allegations.

27. The allegations in paragraph 27 contain legal conclusions or opinions that Defendant is not required to admit or deny.

## DEFENSES

### First Defense

28. Plaintiff's Complaint (as it relates to Plaintiff and the putative class members), in whole or in part, fails to state claims upon which relief can be granted.

### Second Defense

29. Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the applicable statutes of limitations, 29 U.S.C. § 255.

### Third Defense

30. Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, to the extent that they waived and/or released the claims asserted in the Complaint.

### Fourth Defense

31. Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

DB02:6172287.1                                                                                           063170.1003

### Fifth Defense

32. Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense

33. Plaintiff's claims are barred in whole or in part because Defendant's actions were not "willful" within the meaning of 29 U.S.C. § 255.

### Seventh Defense

34. The claims for liquidated damages should be denied because any act or omission of Defendant allegedly giving rise to Plaintiff's claims was in good faith and Defendant had reasonable grounds for believing that its acts or omissions did not violate the Fair Labor Standards Act and that it was in compliance with applicable law and its regulations.

### Eighth Defense

35. Plaintiff is not entitled to collective action certification under the FLSA because he cannot satisfy the applicable standards.

### Ninth Defense

36. Even if they were found to have worked uncompensated overtime, which Defendant expressly denies, Plaintiff and the putative class members would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

### Tenth Defense

37. The claims of Plaintiff (and the putative class members) are barred as to all hours during which they were engaged in activities that were preliminary to or after their principal activities.

**Eleventh Defense**

38.     The claims of Plaintiff (and the putative class members) are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

**Twelfth Defense**

39.     Plaintiff's claims (and those of putative class members) are barred, in whole or in part, due to their violations of Defendant's policies.

**Thirteenth Defense**

40.     Plaintiff's attempts to pursue this case as a collective action fail because an independent and individual analysis of Plaintiff's claims and the claims of each putative class member and each of Defendant's defenses is required.

**Fourteenth Defense**

41.     The Complaint and each and every claim alleged therein is barred since, at all times relevant and material herein, Plaintiff and those he purports to represent were exempt from the overtime compensation requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1), 29 U.S.C. § 213(b)(1), 29 C.F.R. §§ 541.100, *et seq.*; 29 C.F.R. §§ 541.200, *et seq.*; 29 C.F.R. §§ 541.500, *et seq.*; and 29 C.F.R. § 541.601, in that Plaintiff and those he purports to represent were employed in an administrative, executive, or outside sales capacity and/or were highly compensated employees and/or qualify for the Motor Carrier exemption within the meaning of the FLSA and applicable implementing federal regulations.

**Fifteenth Defense**

42.      Prosecution of this matter as a collective action would violate Defendant's rights to due process and to trial by jury.

DB02:6172287.1                                                                                                              063170.1003

**Sixteenth Defense**

43.     Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer and/or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.  Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff, together with costs, fees and any other relief that the Court deems appropriate.

Dated: August 13, 2007                                   Respectfully submitted,


    s/Sheldon N. Sandler
Sheldon N. Sandler
YOUNG CONAWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone:  302-571-6673
Facsimile:   302-576-3330

Matthew M. Lampe (*pro hac vice*)
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
Facsimile:   (614) 461-4198

Harry I. Johnson, III (*pro hac vice*)
JONES DAY
555 S. Flower Street
Fiftieth Floor
Los Angeles, CA  90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Theresia Moser (*pro hac vice*)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone: (404) 521-3939
Facsimile:  (404) 581-8330


Counsel for Defendant
ASTRAZENECA LP