## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
TIMOTHY CARSON,                          :     Civil Action No. 07-359
on behalf of himself and others          :
similarly situated,                      :     FLSA COLLECTIVE
                                         :     ACTION
              Plaintiffs,                :
                                         :
       v.                                :
                                         :
ASTRAZENECA PHARMACEUTICALS LP,          :
                                         :
              Defendant.                 :
-----------------------------------------------------------x
```

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Timothy Carson by and through his counsel, hereby propounds the following Interrogatories upon Defendant AstraZeneca Pharmaceuticals LP ("Defendant") to be answered in writing under oath within thirty (30) days of service hereof. In responding to these Requests, the following definitions and instructions shall apply:

### DEFINITIONS

The following definitions apply in the discovery below, whether or not they are capitalized, underlined, bolded, or otherwise emphasized.

A.     "DEFENDANT" means the company nationally known as Astrazeneca Pharmaceuticals LP ("Astrazeneca"), and all subsidiaries and affiliates of Astrazeneca that, any time on or after June 6, 2004, the date that is three years before the date the initial complaint in this action was filed, have been owned or controlled by Astrazeneca and have developed, produced, manufactured, sold or marketed any pharmaceutical products.

1

B.      The term  "ALLEGED LIABILITY PERIOD" means any and all times on or after

June 6, 2004.

C.      The term "PHARMACEUTICAL REP" includes the named plaintiff(s) and

means each and all persons who, during any part of the ALLEGED LIABILITY PERIOD, have

been employed in the United States by DEFENDANT in any job whose job title is or was any of

the following titles, or who performed substantially the same work as any employees whose job

title is or was any of the following titles:

        1.      Sales Representative

        2.      Professional Sales Representative

        3.      Specialty Sales Representative

        4.      Senior Specialty Sales Representative

D.      The term "COVERED POSITIONS" means the job positions of the

PHARMACEUTICAL REPS.

E.      The term "OVERTIME PAY" means payment of employee compensation for

work in excess of 40 hours per week at any rate of compensation increased by reason of the

employee working more than 40 hours in a week.

F.      The term "DOCUMENT" is defined to be synonymous in meaning and equal in

scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft of non-identical

copy is a separate document within the meaning of this term.  A request for production of

'documents' shall encompass, and the response shall include, electronically stored information, as

included in Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting

party.

G.    The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

H.    The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

I.    The term "DISCRETION AND INDEPENDENT JUDGMENT" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.200.

J.    The term "GENERAL BUSINESS OPERATIONS" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.200.

K.    The term "IDENTIFY," when referring to documents or electronically stored information, means to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

L.    The term "PERSON" is defined as any natural person or any business, legal or governmental entity or association.

M.    The term "MAKING SALES" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.500.

N.    The term "MANAGEMENT" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.200.

O.    The term "MEDICAL FACILITIES" means doctors offices, hospitals, clinics, pharmacies, and all other entities and organizations that provide medical care.

P.    The term "NAMED PLAINTIFF" means Timothy Carson.

## RULES OF CONSTRUCTION

A.    The terms "all" and "each" shall both be construed as all and each.

B.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

C.    The use of the singular form of any word includes the plural and vice versa.

D.    Even if a request or category of documents below is phrased in the present tense, in should be interpreted to include the entire ALLEGED LIABILITY PERIOD.

E.    "YOU" and "YOUR" refer to any and all Responding Parties.

**CATEGORIES OF DOCUMENTS AND THINGS TO BE PRODUCED**

**CATEGORY 1**

All organizational charts showing the organizational structure of DEFENDANT, including those that show where PHARMACEUTICAL REPS fit within that any such structure.

**RESPONSE:**


**CATEGORY 2**

All DOCUMENTS that show or set forth the job duties, tasks, functions, responsibilities or types of work of the NAMED PLAINTIFF during the ALLEGED LIABILITY PERIOD, including but not limited to DOCUMENTS concerning (i) how the NAMED PLAINTIFF performed, or was expected to perform, each duty, task, function, responsibility or type of work and (ii) how much time the NAMED PLAINTIFF spent, or was expected to spend, performing each duty, task, function, responsibility or type of work.  This category includes, without limitation, documents referred to as "job descriptions" and documents used that describe the job duties of the NAMED PLAINTIFF for purposes of workers' compensation insurance, programs or claims.

**RESPONSE:**


**CATEGORY 3**

Subject to the limitations stated below, all DOCUMENTS generated at the regional level or above that show or set forth the job duties, tasks, functions, responsibilities or types of work of the PHARMACEUTICAL REPS during the ALLEGED LIABILITY PERIOD, including but not limited to DOCUMENTS concerning (i) how the PHARMACEUTICAL REPS performed, or were expected to perform, each duty, task, function, responsibility or type of work and (ii) how much time PHARMACEUTICAL REPS spent, or were expected to spend, in "the field" (or like term as used by Defendant.) This category includes, without limitation, documents referred to as "job descriptions" and documents used that describe the job duties of the PHARMACEUTICAL REPS for purposes of workers' compensation insurance, programs or claims. However, this request is limited to documents concerning PHARMACEUTICAL REPS involved in the sale or promotion of human medicine that require(d) a prescription. Further, this request is limited to documents concerning PHARMACEUTICAL REPS' job duties, tasks, functions, responsibilities or types of work related to the sale or promotion of medication which (i) was sold/promoted by the NAMED PLAINTIFF or (ii) was non-generic medication constituting 5% or more of Defendant's domestic sales during the ALLEGED LIABILITY PERIOD.

**RESPONSE:**

**CATEGORY 4**

All DOCUMENTS that mention, refer to, describe, or evidence the methods, means, criteria, policies, programs, practices, procedures, protocol, routines and rules according to which, during the ALLEGED LIABILITY PERIOD, the NAMED PLAINTIFF was supervised by any and all levels of supervisors, managers and superiors.

**RESPONSE:**

**CATEGORY 5**

Subject to the limitations stated below, all DOCUMENTS generated at the regional level or above that mention, refer to, describe, or evidence the methods, means, criteria, policies, programs, practices, procedures, protocol, routines and rules according to which, during the ALLEGED LIABILITY PERIOD, the PHARMACEUTICAL REPS were supervised by any and all levels of supervisors, managers and superiors. However, this request is limited to documents concerning PHARMACEUTICAL REPS involved in the sale or promotion of human medicine that require(d) a prescription. Further, this request is limited to documents concerning the supervision of PHARMACEUTICAL REPS, relating to the promotion or sale of medication which (i) was sold/promoted by the NAMED PLAINTIFF or (ii) was non-generic medication constituting 5% or more of Defendant's domestic sales during the ALLEGED LIABILITY PERIOD.

**RESPONSE:**

**CATEGORY 6**

All Employee handbooks and equivalent documents issued to PHARMACEUTICAL REPS or that applied to PHARMACEUTICAL REPS during the ALLEGED LIABILITY PERIOD.

**CATEGORY 7**

All DOCUMENTS that mention, refer to, describe, or evidence or constitute quality assurance reviews, during the ALLEGED LIABILITY PERIOD, of PHARMACEUTICAL REPS, the work of PHARMACEUTICAL REPS, or policies, procedures, protocols, routines, systems, programs, practices, routines, processes, and rules of DEFENDANTS regarding PHARMACEUTICAL REPS.

**RESPONSE:**

**CATEGORY 8**

ALL DOCUMENTS that mention, refer to, describe, evidence or constitute any criteria for how the territories or regions of the PHARMACEUTICAL REPS were determined, fixed, or established.

**RESPONSE:**

**CATEGORY 9**

Subject to the limitations stated below, all DOCUMENTS that evidence any differences in the policies or practices governing the job duties, task, functions, responsibilities or types of work of the PHARMACEUTICAL REPS as between region to region or pharmaceutical product

to pharmaceutical product.   However, this request is limited to documents concerning

PHARMACEUTICAL REPS involved in the sale or promotion of human medicine that

require(d) a prescription.  Further, this request is limited to documents concerning policies or

practices relating to PHARMACEUTICAL REPS's job duties, tasks, functions, responsibilities

or types of work related to the sale or promotion of medication which (i) was sold/promoted by

the NAMED PLAINTIFF or (ii) was non-generic medication constituting 5% or more of

Defendant's domestic sales during the ALLEGED LIABILITY PERIOD.

**RESPONSE:**


**CATEGORY 10**

All DOCUMENTS used in any training of the NAMED PLAINTIFF for the performance

of his job, or for improving their performance of his job.

**RESPONSE:**


**CATEGORY 11**

Subject to the limitations stated below, all DOCUMENTS used in any training of

Pharmaceutical Reps for the performance of their jobs, or for improving their performance of

their jobs.  This request is limited to documents concerning PHARMACEUTICAL REPS

involved in the sale or promotion of human medicine that require(d) a prescription.  Further, this

request is limited to documents concerning the training of PHARMACEUTICAL REPS, related

to the sale or promotion of medication which (i) was sold/promoted by the NAMED PLAINTIFF

or (ii) was non-generic medication constituting 5% or more of Defendant's domestic sales during

the ALLEGED LIABILITY PERIOD.

**RESPONSE:**

MARGOLIS EDELSTEIN

*S/ Herbert W. Mondros*
Herbert W. Mondros, Esquire (Del. Bar No. 3308)
750 S. Madison Street, Suite 102
Wilmington, Delaware 19801
Tel. (302) 888-1112
Fax (302) 888-1119

Charles Joseph, Esquire*
Joseph & Herzfeld, LLP
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley, Esquire*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

Ira Spiro, Esquire*
Spiro Moss Barness LLP
11377 W. Olympic Blvd, 5th Fl
Los Angeles, CA 90064
Tel. (310) 235-2468
Fax (310) 235-2456

* Admission *Pro Hac Vice* to be sought

Dated: August 29, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------x
TIMOTHY CARSON,                            :    Civil Action No. 07-359
on behalf of himself and others           :
similarly situated,                        :    FLSA COLLECTIVE
                                           :    ACTION
              Plaintiffs,                  :
                                           :
      v.                                   :
                                           :
ASTRAZENECA PHARMACEUTICALS LP,            :
                                           :
              Defendant.                   :
-----------------------------------------------------x
```

## NOTICE OF SERVICE

I, Herbert W. Mondros, the undersigned counsel for the Plaintiff in the above-captioned case, hereby certify that two (2) true and correct copies of the **Plaintiff's First Set of Requests For Production to Defendant** were sent via U. S. Mail postage pre-paid on August 29, 2007 to the following:

Sheldon N. Sandler, Esq.                    Harry I. Johnson, III
Young Conway Stargett & Taylor, LLP         Jones Day
The Brandywine Building                     555 S. Flower St.
1000 West Street                            Los Angeles, CA 90071
P.O. Box 391
Wilmington, DE 19899


                                            MARGOLIS EDELSTEIN

                                            _s/ Herbert W. Mondros_
                                            Herbert W. Mondros, Esq. (#3308)
                                            750 South Madison Street, Suite 102
                                            Wilmington, DE 19801
                                            (302) 888-1112
                                            (302) 888-1119 fax
                                            Attorney for Plaintiff

Dated: August 29, 2007