UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
TIMOTHY CARSON, : **Civil Action No. 07-359**
on behalf of himself and others :
similarly situated, : FLSA COLLECTIVE
 : ACTION
        Plaintiffs, :
 :
   **v.** :
 :
ASTRAZENECA PHARMACEUTICALS LP, :
 :
        Defendant. :
----------------------------------------------------------x

## NOTICE OF SERVICE

    I, Herbert W. Mondros, the undersigned counsel for the Plaintiff in the above-captioned case, hereby certify that two (2) true and correct copies of the ***Plaintiff's First Set of Interrogatories to Defendant*** were sent via U. S. Mail postage pre-paid on August 29, 2007 to the following:

Sheldon N. Sandler, Esq.  
Young Conway Stargett & Taylor, LLP  
The Brandywine Building  
1000 West Street  
P.O. Box 391  
Wilmington, DE 19899

Harry I. Johnson, III  
Jones Day  
555 S. Flower St.  
Los Angeles, CA 90071

MARGOLIS EDELSTEIN

*s/ Herbert W. Mondros*  
Herbert W. Mondros, Esq. (#3308)  
750 South Madison Street, Suite 102  
Wilmington, DE 19801  
(302) 888-1112  
(302) 888-1119 fax  
Attorney for Plaintiff

Dated: August 29, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
TIMOTHY CARSON,                                      :   **Civil Action No. 07-359**
on behalf of himself and others                      :
similarly situated,                                  :   FLSA COLLECTIVE
                                                     :   ACTION
       Plaintiffs,                                   :
                                                     :
   v.                                              :
                                                     :
                                                     :
ASTRAZENECA PHARMACEUTICALS LP,                      :
                                                     :
       Defendant.                                    :
---------------------------------------------------------x

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Timothy Carson by and through his counsel, hereby propounds the following Interrogatories upon Defendant AstraZeneca Pharmaceuticals LP ("Defendant") to be answered in writing under oath within thirty (30) days of service hereof. In responding to these Interrogatories, the following definitions and instructions shall apply:

### DEFINITIONS

The following definitions apply in the discovery below, whether or not they are capitalized, underlined, bolded, or otherwise emphasized.

    A.    "DEFENDANT" means the company nationally known as AstraZeneca Pharmaceuticals LP ("AstraZeneca"), and all subsidiaries and affiliates of AstraZeneca that, any time on or after June 6, 2004, the date that is three years before the date the initial complaint in this action was filed, have been owned or controlled by AstraZeneca and have developed, produced, manufactured, sold or marketed any pharmaceutical products.

1

  B. The term "ALLEGED LIABILITY PERIOD" means any and all times on or after June 6, 2004.

  C. The term "PHARMACEUTICAL REP" includes the named plaintiff(s) and means each and all persons who, during any part of the ALLEGED LIABILITY PERIOD, have been employed in the United States by DEFENDANT in any job whose job title is or was any of the following titles, or who performed substantially the same work as any employees whose job title is or was any of the following titles:

    1. Sales Representative

    2. Professional Sales Representative

    3. Specialty Sales Representative

    4. Senior Specialty Sales Representative

  D. The term "COVERED POSITIONS" means the job positions of the PHARMACEUTICAL REPS.

  E. The term "OVERTIME PAY" means payment of employee compensation for work in excess of 40 hours per week at any rate of compensation increased by reason of the employee working more than 40 hours in a week.

  F. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of non-identical copy is a separate document within the meaning of this term. A request for production of 'documents' shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting party.

G.  The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

H.  The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

I.  The term "DISCRETION AND INDEPENDENT JUDGMENT" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.200.

J.  The term "GENERAL BUSINESS OPERATIONS" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.200.

K.  The term "IDENTIFY," when referring to documents or electronically stored information, means to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

L.  The term "PERSON" is defined as any natural person or any business, legal or governmental entity or association.

M.  The term "MAKING SALES" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.500.

N.  The term "MANAGEMENT" is defined to be synonymous in meaning and equal in scope to the usage of these terms in 29 C.F.R. § 541.200.

O.  The term "MEDICAL FACILITIES" means doctors offices, hospitals, clinics, pharmacies, and all other entities and organizations that provide medical care.

P.  The term "NAMED PLAINTIFF" means Timothy Carson.

## RULES OF CONSTRUCTION

A.  The terms "all" and "each" shall both be construed as all and each.

  B. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  C. The use of the singular form of any word includes the plural and vice versa.

  D. Even if a request or category of documents below is phrased in the present tense, in should be interpreted to include the entire ALLEGED LIABILITY PERIOD.

  E. "YOU" and "YOUR" refer to any and all Responding Parties.

## INTERROGATORIES

### INTERROGATORY 1:

State the total number of Pharmaceutical Reps who worked for DEFENDANT nationwide during the ALLEGED LIABILITY PERIOD, including the total number of Pharmaceutical Reps who worked for DEFENDANT in Delaware during the class period. For all such employees, (a) identify the name and any and all contact information DEFENDANT possesses associated with that name (including without limitation the person's address, home phone, cellular phone, e-mail address); (b) the position and/or job title; (c) the job description; (d) the job assignment(s) and/or duty(s); (e) the territory, district, area, region and/or department; and (f) the exemption under which the employee was classified, including the date of such classification and any change in such classification.

### RESPONSE:

**INTERROGATORY 2:**

State the total number of persons to whom each of the COVERED EMPLOYEES immediately reported while employed in ANY COVERED POSITION. For all such employees, (a) identify the name and any and all contact information DEFENDANT possesses associated with that name (including without limitation the person's address, home phone, cellular phone, e-mail address); (b) the position and/or job title; (c) the job description; and (d) the territory, district, area, region and/or department.

**RESPONSE:**

**INTERROGATORY 3:**

State the total number of persons to whom each of the employees identified in Interrogatory 2 immediately reported. For all such employees, (a) identify the name and any and all contact information DEFENDANT possesses associated with that name (including without limitation the person's address, home phone, cellular phone, e-mail address); (b) the position and/or job title; (c) the job description; and (d) the territory, district, area, region and/or department.

**RESPONSE:**

**INTERROGATORY 4:**

State the total number of persons to whom each of the employees identified in Interrogatory 3 immediately reported. For all such employees, (a) identify the name and any and all contact information DEFENDANT possesses associated with that name (including without limitation the person's address, home phone, cellular phone, e-mail address); (b) the position and/or job title; (c) the job description; and (d) the territory, district, area, region and/or department.

**RESPONSE:**

**INTERROGATORY 5:**

State the names of all entities, departments, divisions and other groupings of DEFENDANT and the address of each, which, during part of the COVERED PERIOD, have exercised any substantial control of human resource functions, personnel functions, payroll, or employee benefit administration with respect to any of the COVERED EMPLOYEES.

**RESPONSE:**

**INTERROGATORY 6:**

State the name, last known home, work, and cell telephone numbers, last known home and work addresses, and all last known email addresses of all persons and entities (other than employees of DEFENDANT) from whom the DEFENDANT received advice or consultation during any time since June 6, 2002 regarding marketing pharmaceutical products to medical professionals or MEDICAL FACILITIES.

**RESPONSE:**

**INTERROGATORY 7:**

State the name, last known home, work, and cell telephone numbers, last known home and work addresses, and all last known email addresses of all current and former employees of DEFENDANT who worked during any time since June 6, 2002 on formulating or changing the policies, procedures, protocols, routines, systems, programs, practices, routines, processes, or rules, of DEFENDANT concerning marketing pharmaceutical products to medical professionals or MEDICAL FACILITIES.

**RESPONSE:**

MARGOLIS EDELSTEIN

 S/   Herbert W. Mondros
 Herbert W. Mondros, Esquire (Del. Bar No. 3308)
 750 S. Madison Street, Suite 102
 Wilmington, Delaware 19801
 Tel. (302) 888-1112
 Fax (302) 888-1119

Charles Joseph, Esquire*
 Joseph & Herzfeld, LLP
 757 Third Avenue, Suite 2500
 New York, NY  10017
 Tel. (212) 688-5640
 Fax (212) 688-2548

7

Eric B. Kingsley, Esquire*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

Ira Spiro, Esquire*
Spiro Moss Barness LLP
11377 W. Olympic Blvd, 5th Fl
Los Angeles, CA 90064
Tel. (310) 235-2468
Fax (310) 235-2456

* Admission *Pro Hac Vice to be sought*

Dated: August 29, 2007