IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY CARSON, on behalf of himself and others similarly situated, | : |
| Plaintiff, | : |
| v. | : C.A. No. 07-359-*** |
| ASTRAZENECA PHARMACEUTICALS LP, | : |
| Defendant. | : |

## SCHEDULING ORDER

This _12_ day of _September_, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on September 12, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. The Court and the parties acknowledge the unique procedural mechanisms for management of a Fair Labor Standards Act ("FLSA") collective action such as the present action. Given those mechanisms, most of the deadlines and issues facing the parties after the Court's conditional certification decision are, by necessity, difficult to ascertain. Therefore, no trial dates, dispositive motion dates (for any certified collective group of plaintiffs), or other motion dates are set by this order (other than dates for plaintiff's motion for conditional certification and dispositive motions relating to named plaintiff). Rather, the parties will have another Federal Rule of Civil Procedure 26(f) meet and confer meeting or teleconference within 75 days of the Court's conditional certification decision to address those matters and set those deadlines, at which time another Rule 26(f) report will be filed with the Court in anticipation of a second Rule 16 scheduling conference with the Court.

LAI-2900746v1

     2.    <u>Rule 26(a)(1) Initial Disclosure and E-Discovery Default Standard</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than October 4, 2007. The parties shall supplement their disclosures promptly as the need arises. The parties agree to address e-discovery issues, if any, on an *ad hoc* basis. Each party shall designate a contact person for electronic discovery issues ("e-discovery representative"), and the parties' e-discovery representatives shall meet and confer on electronic discovery issues as they arise.

     3.    <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before October 4, 2007.

     4.    <u>Discovery</u>

         a.    <u>Bifurcation</u>. The parties may engage in a preliminary stage of discovery relating to certification issues (with the caveat that certification related discovery may overlap to a degree with merits based discovery) and to the merits of Plaintiff's individual claims ("Stage 1 discovery"). After the Court rules on conditional FLSA certification, the parties may engage in a final stage of discovery to encompass merits and damages issues generally ("Stage 2 discovery"). The parties agree that Plaintiff's bona fide Stage 1 discovery does not serve as a basis to argue that the Court should apply a "Stage 2" standard (<u>i.e.</u>, the standard for the final certification or the decertification decision) to the Court's conditional certification ruling. Subject to the prior sentence, the parties reserve all rights to assert their respective views as to the correct formulation of the conditional certification ("Stage 1") standard. For efficient case management purposes, the Court will order a second Rule 26(f) and Rule 16 meeting between the Parties to readdress all Rule 26(f) and Rule 16 topics, to follow within 75 days of the Court's FLSA conditional certification ruling, with a new Rule 26(f) report to be submitted after that meeting. The Court also will order another pretrial conference within 90 days of the Court's ruling for case management purposes.

         b.    <u>Limitation on Hours for Deposition Discovery</u>. During Stage 1 discovery, each side is limited to a total of 10 depositions upon oral examination. Further discovery modifications and limits will be discussed at the Rule 26 meeting after the Court's ruling on the

2

conditional certification motion. Given the size of the alleged class and the number of locations where Defendant operates, the parties anticipate the need for taking numerous depositions in this case. For efficiency and the convenience of the parties, Plaintiff's Rule 30(b)(6) depositions in Stage 1 discovery shall be applicable to, cover, and count towards any limits of, all other AstraZeneca pharmaceutical representative class or collective action cases where plaintiffs are represented by Kingsley & Kingsley, in whole or in part.

        c.       <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        d.       <u>Discovery Cut Off</u>. All Stage 1 discovery in this case shall be initiated so that it will be completed on or before November 21, 2007 (except that, (1) to the extent Plaintiff submits declarations of witnesses in connection with a motion for conditional certification who have not previously been identified, Defendant reserves the right to take the depositions of any such witnesses after November 21 and the parties agree that there is good cause for same; and (2) to the extent that Defendant submits declarations of witnesses in connection with its opposition to Plaintiff's conditional certification motion who have not been previously identified, Plaintiff reserves the right to take the depositions of any such witnesses after November 21 and the parties agree that there is good cause for same). The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        e.       <u>Written Discovery</u>. On August 29, 2007 – before the parties held a conference of counsel pursuant to Rule 26 – Plaintiff served Defendant by mail with a first set of interrogatories and a first set of requests for production of documents ("first RFP"). The first set of

3

LAI-2900746v1

interrogatories and first RFP are deemed served on September 4, 2007 (the date of the parties' conference of counsel), and the written responses to said discovery are due on October 8, 2007.

    f. <u>Disclosure of Expert Testimony</u>. Disclosures of expert testimony prior to the Court's ruling on a conditional certification motion shall be governed as follows: any party that wishes to submit an expert's testimony in connection with a motion must make the disclosures for that expert at the time the motion papers are filed. The opposing party shall then have 30 days to make disclosures for rebuttal experts. The briefing schedule for any motion shall be adjusted so that all parties have a reasonable opportunity to depose experts whose testimony is submitted with a motion in sufficient time to prepare opposition or reply papers in connection with the motion. The parties will discuss further rules on expert disclosures during the Rule 26(f) conference after the Court's ruling on the conditional certification motion.

    g. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed documents must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

4

on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach and agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3g above.

> Any proposed order should include the following paragraph:
>
> Other Proceeding. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers filed under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. ADR Process. To be discussed during the Rule 16 scheduling conference.

7. Motion for Conditional Certification under FLSA. Plaintiff shall file a motion for FLSA conditional certification on November 21, 2007. Defendant's opposition brief is due on January 7, 2008, and Plaintiff's reply brief is due on January 21, 2008.

8. Motion for Summary Judgment. Any motion for summary judgment or, alternatively, summary adjudication, directed to the named plaintiff only shall be filed and served no later than January 7, 2008. Briefing will be presented pursuant to the Court's Local Rules.

9. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. FLSA Opt-in Period. In the event the Court grants Plaintiff's motion for conditional certification under the FLSA, there will be an opt-in period of 75 days (measured from the date of the Court's order granting conditional certification). At the conclusion of the opt-in period, the

LA1-2900746v1

parties will hold another Rule 26 conference of counsel to determine Stage 2 discovery parameters, motion deadlines, expert disclosure deadlines, and other topics enumerated in Rule 16 and Rule 26.

_____<br>UNITED STATES MAGISTRATE JUDGE