IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY CARSON, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | FLSA Collective Action |
| v. ) ) | Civil Action No. 07-359 MPT |
| ASTRAZENECA PHARMACEUTICALS LP, ) ) ) ) | |
| Defendant. ) | |

## APPLICATON FOR PROTECTIVE ORDER

Plaintiff Timothy Carson as well as those individuals who join this litigation pursuant to the proposed collective action as defined in the Complaint (collectively "Plaintiffs") and Defendant AstraZeneca Pharmaceuticals LP ("Defendant"), hereby request that the Court enter the following Proposed Stipulated Protective Order pursuant to the Court's Rule 16 Scheduling Order of September 12, 2007.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

1. The parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery will contain confidential non-public information of a personal, financial, and/or commercial nature and/or may constitute a trade secret or proprietary information. Defendant has raised concerns and asserts privileges and claims regarding privacy and proprietary interests. The parties intend this Stipulation and Order to address these concerns in part, with the understanding that Defendant does not waive any right to assert any objection or privilege in this action, based on trade secrets, confidentiality, privacy, or otherwise, by entering into this Stipulation and Order.

2. The parties also understand that, pursuant to Delaware and/or other applicable state laws, third parties may have a privacy interest or right in personal information, and that

LAI-2903092v1

certain such information is at issue in the lawsuit and has been requested in discovery by Plaintiffs. Accordingly, the parties and the Court enter into this Protective Order mandating that any private information of putative class members and other current and former employees of Defendant that is produced to Plaintiffs shall be produced under this Protective Order. The parties shall take all reasonable steps to maintain such information as private in accordance with the terms of this Protective Order.

3. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. Upon entry of an Order by this Court, this Stipulation of the Parties shall become the Protective Order that shall govern the production and disclosure of all information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to paragraph 8 through the discovery and all pretrial processes. This Protective Order is not intended to govern at trial or appeal. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Protective Order both at trial and upon any appeal of this case.

5. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

6. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials. This Protective Order shall not abrogate or diminish Defendant's right to object, refrain from producing, and/or moving for a protective order in regard to trade secret, private, confidential, or other protected information.

7. All information produced or discovered in this litigation shall be used solely for the prosecution or defense of this litigation, and shall not be used for business, competitive, personal, private, or public purposes, or any other purposes whatsoever. Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" except as provided in paragraphs 9, 12 & 14 below.

8. Any party may designate any Discovery Materials it deems to be confidential, including Discovery Materials that refer or relate to individual employment records and files, by designating such Discovery Materials as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks, or tapes) is produced in such form, the producing source may designate such material by placing a label with terms "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the disk or tape containing the material. In the event that a producing party inadvertently fails to designate any Discovery Materials it deems to be confidential at the time of production, it may later so designate by notifying the other party in writing. Similarly, if a party initially designates information as "CONFIDENTIAL", it may in good faith re-designate such materials as "ATTORNEY'S EYES ONLY" by notifying the other party in writing. After any belated designation of information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this paragraph, the receiving party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or party shall incur any liability hereunder with respect to the

disclosure of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information that occurred prior to receipt of written notice of a belated designation.

9. Except as provided in paragraphs 12 and 14, access to Discovery Materials designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be restricted in accordance with the following provisions:

(a) Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes.

(b) "CONFIDENTIAL" Discovery Materials shall not be disclosed or distributed, or otherwise made available for any purpose, to any individually named party or their respective representatives in interest except as expressly provided in this Protective Order. Counsel for each party shall restrict access to "CONFIDENTIAL" Discovery Materials produced by any other party by limiting the dissemination of such material to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, including employees of Defendant assisting in the defense of the action; (3) potential witnesses, only to the extent relevant to anticipated testimony; (4) consultants, in accordance with the terms specified below in paragraph 9(e).

(c) "ATTORNEY'S EYES ONLY" Discovery Materials shall be made available only to, and inspected by the following persons — provided that such individuals are informed of the terms of this Protective Order: Counsel of Record and supporting personnel employed by such counsel, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks, and private data entry,

document management, and photocopying services. Consultants may view such documents only in accordance with the terms specified below in paragraph 9(e).

(d) No copies, extracts or summaries of any document designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(e) Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to their retained consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit A.

(f) During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document so referred to may be marked as an exhibit,

but no such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be so marked and "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" portions, including exhibits consisting of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(g)     In the event that any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" discovery materials shall be filed under seal. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as described herein.

10.     In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," pursuant to paragraph 8, above.

LAI-2903092v1

-7-

11. At the request of any designating party, made in writing, on the record, or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "ATTORNEY'S EYES ONLY" Confidential Information subject to the protective order, and the original and all copies of such deposition transcripts shall be marked accordingly as "ATTORNEY'S EYES ONLY" by the reporter. Such designation, however, shall not prohibit a party from attending the deposition. A party, however, may be excluded from that portion of the deposition testimony concerning Discovery Materials designated "ATTORNEYS EYES ONLY" or from that portion of the deposition testimony that the designating party claims constitutes "ATTORNEYS EYES ONLY" testimony. Upon the written demand of a receiving party made after receipt of transcript, the designating party shall have twenty (20) days after receipt of the deposition transcript to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute Confidential Information and designate it as either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as appropriate. If no such designation is made within twenty (20) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by facsimile to the designating party notifying the designating party that it has three (3) business days from the date of the second written demand in which to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute Confidential Information and designate it as either "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as appropriate. If, at the expiration of the three business day period, the designating party fails to provide written notice of its intent to designate the information, then the "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" designation of the deposition transcript shall be deemed waived. Each party and the Court Reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in its possession, custody or control,

and the portions designated in such notice shall thereafter be treated in accordance with the Protective Order.

12. Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials produced by another party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials, said counsel shall first provide Counsel of Record for the producing party with a clear, complete and concise statement of the reason for the proposed disclosure by written notice at least ten (10) business days prior to the proposed disclosure. The requesting Counsel of Record may include the name, address and business or professional affiliation and title (e.g., officer, director, etc.) of such person in the written notice. If Counsel of Record for the producing party objects in writing to the disclosure within said ten (10) business day period, then the party requesting consent shall not proceed with the proposed disclosure, the parties shall engage in good faith efforts to resolve the matter informally and, if those efforts should fail, the party designating the material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" may seek relief from the Court as provided in paragraph 14 below.

13. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

14. If any dispute arises concerning whether information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" should in fact be considered Confidential Information for purposes of this Protective Order, the party who objects to the designation of the information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall give written notice of the objection. The parties shall then attempt to resolve the dispute informally and in good faith. If the parties do not resolve the dispute informally, the party who designated the information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall have ten (10) business days from either (a) the written notice from the objecting party made pursuant

LAI-2903092v1

to this paragraph, or (b) the written objection to disclosure from the producing party made pursuant to paragraph 12 above, or (c) the date the parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion (or letter pursuant to the Court's Rule 16 Scheduling Order of September 12, 2007) asking the Court to resolve the issue. If the motion or letter is not filed within this time, then the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation shall be deemed waived. If such a motion or letter is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If such motion or letter ruling is granted in favor of the objecting party and five days have passed after entry of an order granting the motion, then the prevailing party may disclose the information.

15. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefor, and within 60 days thereof:

(a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials within ten (10) business days of destruction; and

(b) The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials, return to

such party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any person without a prior Court order, after due notice to Counsel of Record, or the written stipulation of each of Counsel of Record.

16. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of this Protective Order's terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order. However, the mere fact that certain information or Discovery Materials are produced in discovery without being designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not result in a waiver of a claim that similar information constitutes "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Discovery Materials. Nothing contained herein requires any party to produce any particular type of information.

17. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion (or letter pursuant to the Court's Rule 16 Scheduling Order of September 12, 2007) of any of the parties.

18. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

19. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

LAI-2903092v1

Dated: October 8, 2007

_____
Harry I. Johnson (admitted *pro hac vice*)
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Tel: (213) 489-3939

Counsel for Defendant
ASTRAZENECA LP

Dated: October 5, 2007

_____
George R. Kingsley, Esq.
Eric B. Kingsley, Esq.
Gregory E. Givens, Esq.
KINGSLEY & KINGSLEY, APC
16133 Ventura Blvd., Suite 1200
Encino, California 91436
Tel: (818) 990-8300

Counsel for Plaintiffs
TIMOTHY CARSON

## ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: _____    _____
United States Magistrate Judge

-11-

LAI-2903092v1

-12-

# EXHIBIT A

## AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER REGARDING INFORMATION DESIGNATED AS "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY."

The undersigned hereby acknowledges that he or she has read the Stipulated Protected Order entered into on behalf of the parties to <u>Timothy Carson v. AstraZeneca Pharmaceuticals LP</u>, United States District Court, District of Delaware, Civil Action No. 07-359; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order.

Dated: _____

_____
Name

_____
Address

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY CARSON, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS LP,<br><br>Defendant. | FLSA Collective Action<br><br>Civil Action No. 07-359 |

## NOTICE OF SERVICE

I, Harry I. Johnson, III, the undersigned counsel for the Defendant in the above-captioned case, hereby certify that a true and correct copy of the *Application for Protective Order and [Proposed] Stipulated Protective Order,* was sent via U.S. Mail postage pre-paid on October 8, 2007 to the following:

Herbert W. Mondros, Esq.
Margolis Edelstein
750 S. Madison Street, Suite 102
Wilmington, DE 19801

Charles Joseph, Esq.
Joseph & Herzfeld, LLP
757 Third Avenue, Suite 2500
New York, NY 10017

Eric B. Kingsley, Esq.
Kingsley & Kingsley
16133 Ventura Blvd, Suite 1200
Encino, CA 91436

Ira Spiro, Esq.
Spiro Moss Barness LLP
11377 W. Olympic Blvd, 5th Floor
Los Angeles, CA 90064

Dated: October 8, 2007

Respectfully submitted,

_____
Harry I. Johnson, III
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 439-3939
harryjohnson@jonesday.com

Counsel for Defendant
ASTRAZENECA PHARMACEUTICALS LP